# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. HOLLOMAN, :

    Petitioner :

                                     CIVIL ACTION NO. 3:18-0130

    v. :

                                       (Judge Mannion)

WARDEN R.A. PERDUE, :

    Respondent :

## MEMORANDUM

Petitioner, Derrick L. Holloman, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Middle District of North Carolina. Id. Specifically, he requests "to be re-sentenced as a career offender or to have [his] prison term vacated on the grounds that a consolidated charge was separated and used to sentence [him] as an armed career criminal and according to North Carolina law the federal court is in complete violation for separating these charges." Id. He believes that "even though [his] now conviction is valid, [his] sentence however is not." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

**I.     Background**

On January 30, 2009, Holloman was indicted in the United States District Court for the Middle District of North Carolina on various violence and firearms charges. United States v. Holloman, No. 1:09-CR-0050-01 (M.D. N.C.). On May 6, 2009, the district court accepted Holloman's plea of guilty to one count of interference with commerce by violence in violation of 18 §1951(a) and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(e). Id. As part of the plea agreement, Holloman was informed of the sentencing range for the charges against him. Id. Holloman acknowledged that he would be sentenced pursuant to the United States Sentencing Guidelines, and that the guidelines were advisory. Id.

On December 23, 2009, Holloman was sentenced to 228 months as to Count 1 and 228 months as to Count 3 to run concurrently with the sentence imposed as to Count 1. Id.

On December 30, 2009, Holloman filed an appeal to the United States Court of Appeals for the Fourth Circuit. Id. On October 15, 2010, the Fourth Circuit Court of Appeals affirmed the District Court. Id.

On December 9, 2015, Holloman filed a motion to vacate his conviction

and sentence pursuant to 28 U.S.C. §2255. Id. As alleged in the instant petition, Holloman claimed that his sentence was improperly increased due to the residual clause of the Armed Career Criminal Act ("ACCA") in violation of the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). United States v. Holloman, No. 1:09-CR-0050-01 (M.D. N.C.).

In opposing Holloman's § 2255 motion, the Government explained that Holloman had three prior convictions for a "violent felony" that were not subject to the "residual clause" in §924(e) so that his sentence was not affected by Johnson. Id., Additionally, the Government argued that the factual basis in support of Holloman's guilty plea clearly stated he committed a robbery while using a sawed off shotgun so that the four level sentence enhancement was warranted. Id. By Order dated January 27, 2017, the sentencing court denied the §2255 motion, reasoning that Holloway's previous convictions did, in fact, render him an Armed Career Criminal. Id.

On January 18, 2018, Holloman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he requests "to be resentenced as a career offender or to have [his] prison term vacated on the grounds that a consolidated charge was separated and used to sentence [him] as an armed career offender and according to North Carolina law the

3

federal court is in complete violation for separating these charges." Id. Thus, he concludes that "so even though [his] now conviction is valid...[his] sentence however is not." Id. (See Doc. 1, petition).

## II. DISCUSSION

The ACCA imposes a 15-year mandatory minimum sentence on a person convicted of being a felon in possession of a firearm if that person has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. §924(e)(1). In what is known as the "residual clause," the ACCA defines the term "violent felony" to "include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.' " Johnson v. United States, 135 S.Ct. 2551, 2555-56 (2015) (quoting 18 U.S.C. §924(e)(2)(B)). In *Johnson*, the Supreme Court of the United States held that the residual clause of the ACCA is unconstitutionally vague, and that imposing an increased sentence under that clause violates due process. Id. at 2563. Here, Holloman appears to contend that because his prior convictions was classified as violent felonies under the residual clause of the ACCA, his underlying criminal sentence is unconstitutional and must, therefore, be vacated, set aside, and corrected. A federal prisoner like Holloman, however,

is generally required to use 28 U.S.C. §2255 to collaterally attack his conviction or sentence on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under §2241 only if the remedy provided by §2255 is inadequate or ineffective to test the legality of his detention." Manna v. Schultz, 454 Fed.Appx. 31, 33 (3d Cir. 2010).

A motion under §2255 is inadequate or ineffective only if "some limitation of scope or procedure would prevent a [§]2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

The petitioner has the burden of proving that the remedy afforded by §2255 is inadequate or ineffective. Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001). And, when a petitioner improperly challenges a conviction or sentence under §2241, the petition must be dismissed for lack

of jurisdiction. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017) (affirming the District Court's order denying Gardner's §2241 habeas petition for lack of jurisdiction).

In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit addressed the question of when a prisoner may bring a §2241 habeas petition after being denied leave to file a second or successive §2255 motion. The Third Circuit held that a federal prisoner barred from filing a second or successive §2255 motion can resort to a §2241 habeas petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law" negated. Id. at 251. "[T]he "safety valve" provided under §2255" and as outlined in Dorsainvil "is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Brown v. United States, 413 Fed.Appx. 514, 516 (3d Cir. 2011); Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (stating that it permits access to §2241 "when there is a change in statutory caselaw that applies retroactively in cases on collateral review" and the prisoner is 'otherwise barred from challenging the legality of the conviction

under §2255.' " (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013))). In other words, the situations where the remedy under §2255 is "inadequate or ineffective" are rare, and "Dorsainvil's interpretation of §2255 provides only a 'narrow exception' to [2255's] 'presumptive' exclusivity.' " Gardner, 845 F.3d at 103 (quoting Okereke, 307 F.3d at 120).

Thus, Holloman, who challenges the validity of his sentence as imposed by the United States District Court for the Middle District of North Carolina, is required to raise such a challenge in that sentencing court under 28 U.S.C. §2255, unless he can show that the remedy under §2255 is "inadequate or ineffective." See use 28 U.S.C. §2255(e). Having reviewed the petition and the underlying record, however, Holloman has not met his burden in showing that §2255 is an "inadequate or ineffective" remedy under the circumstances of this case. Indeed, Holloman is neither in a position similar to the petitioners in Dorsainvil and related cases, nor does he claim that he was convicted of conduct later deemed to be noncriminal by a change in the law—that is, Holloman does not claim that he is actually innocent of being a felon in possession of a firearm, the crime of which he was convicted. Instead, Holloman claims that the sentencing court incorrectly determined that he qualified for an enhanced sentence under the ACCA.

7

Such a sentencing claim, however, does not entitle Holloman to relief under §2241. See, e.g., Scott v. Shartle, 574 Fed.Appx. 152, 155 (3d Cir. 2014) (nonprecedential) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under §2241." (citing Okereke, 307 F.3d at 120-21)); United States v. Brown, 456 Fed.Appx. 79, 81 (3d Cir. 2012) (per curiam) (stating, "[w]e have held that §2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. [Petitioner] has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender." (citations omitted)); Sliney v. Purdue, No. 1:15-CV-1410, 2015 WL 6690212, at *2 (M.D. Pa. Oct. 30, 2015) (Jones, J.) (concluding that §2255, not §2241, was the appropriate section to address petitioner's claim that he was improperly sentenced as an armed career criminal, and explaining that "innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by §2255

would be inadequate or ineffective."); Lee v. Baltazar, No. 4:17-CV-315, 2017 WL 1386253, at *2 (M.D. Pa. Apr. 18, 2017) (Brann, J.) (dismissing §2241 habeas corpus petition for lack of jurisdiction, where petitioner's claim was "not based upon a contention that the conduct which led to his conviction [was] no longer criminal as a result of some change in the law[,]" but was instead based upon a challenge to "the legality of his ACCA sentence enhancement.").

Because there is no basis for a determination that the remedy under §2255 is "inadequate or ineffective" to test the legality of Holloman's sentence, his §2241 petition will be dismissed for lack of jurisdiction. Holloman does not state that he has requested permission from the United States District Court of Appeals for the Fourth Circuit for leave to file a successive petition. Thus, there remains that possibility that Holloman would be granted permission by the Court of Appeals to file a successive §2255 motion, if appropriate. Accordingly, the Court will dismiss Holloman's petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice to any right Petitioner may have to seek leave to file a second or successive §2255 motion.

### III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner will be **DISMISSED** for lack of jurisdiction. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 13, 2019**
18-0130-01